OPINION
Defendant-appellant, James Smith, appeals the decision of the Butler County Court of Common Pleas classifying him as a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we affirm the decision of the trial court.
On April 19, 1999, appellant pled guilty to one count of attempted corruption of a minor in violation of R.C. 2923.02 and six counts of contributing to the unruliness of a minor in violation of R.C.2919.24(A)(2). The trial court held an adjudicatory hearing on May 26, 1999 to determine whether appellant is a sexual predator.
At the hearing, the state introduced into evidence a forensic report prepared by Bobbie G. Hopes, Ph.D., from the Center for Forensic Psychiatry. Appellant stipulated to the report in its entirety. The state also provided the trial court with appellant's presentence investigation.
The victim was a fifteen-year-old girl. Appellant was thirty- four years old when he met the victim through the daughter of a friend. Appellant engaged in sexual intercourse with the victim at least six times. The victim's parents discovered appellant's illicit relationship with their daughter and ordered him to stay away from her. Appellant disregarded the wishes of the victim's parents and continued to see her. Appellant fled to Texas with the victim in order to avoid prosecution for his conduct. They lived there for four months until the police discovered and arrested them.
At the conclusion of the hearing, the trial court determined that appellant is a sexual predator as defined by R.C. Chapter 2950. Appellant appeals this decision and raises one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT MADE A FINDING THAT HE IS A SEXUAL PREDATOR.
 Appellant argues that the trial court erred by finding him to be a sexual predator. Appellant maintains that the trial court inappropriately relied upon "a discredited, computerized, formulaic prediction" of the likelihood that he will commit a sexual crime in the future. According to appellant, Dr. Hope's report weighed in favor of finding that he is not a sexual predator.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than evidence "beyond a reasonable doubt." State v. Danby (1983),11 Ohio App.3d 38, 41, citing Cross, 161 Ohio St. at 477.
When making a determination as to whether a defendant is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, all of the following:
The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C.2950.09(B)(1). The Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998),83 Ohio St.3d 404, 425. The trial judge may use reliable hearsay such as a presentence investigation report when making the sexual predator determination. Id. The trial court may also rely upon victim impact statements. See id. at 424; State v. Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013, unreported; State v. Parker (Nov. 19, 1999), Columbiana App. No. 98-CO-76, unreported.
After evidence is presented, the trial court is required to consider the factors enumerated in R.C. 2950.09(C)(2)(b) in making its determination. When reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j), the trial court may look into the defendant's past behavior. State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 5, affirmed,84 Ohio St.3d 19. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C.2950.09(B)(2). State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported. A single conviction may support a finding that a defendant is a sexual predator in certain cases. See State v. Higgins
(May 22, 2000), Clermont App. No. CA99-07-068, unreported; State v.Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported.
In this case, the trial court considered the evidence presented in Dr. Hopes' report and the presentence investigation. These documents weighed in favor of finding some of the statutory factors listed in R.C.2950.09(B)(2). Specifically, the trial court noted several factors that indicated to the trial court that appellant would commit another sexual offense in the future. Appellant has a history of alcohol and drug abuse. See R.C. 2950.09(B)(2)(g). Appellant has been convicted of three prior misdemeanor offenses. See R.C. 2950.02(B)(2)(f). Appellant engaged in sexual intercourse with the victim, as opposed to less intrusive forms of sexual contact. See R.C. 2950.02(B)(2)(h). Dr. Hopes' evaluation tests indicated that appellant has approximately a thirty to sixty percent likelihood of recidivism. See R.C. 2950.02(B)(2)(j).
In addition to the factors specifically highlighted by the trial court, the forensic report and presentence investigation provide other evidence that support the trial court's determination that appellant is a sexual predator. Appellant was thirty-four years old at the time he began having sexual intercourse with the fifteen-year-old victim. R.C.2950.09(B)(2)(a) and (c). Although there was only one victim, appellant engaged in sexual intercourse with the victim at least six times and maintained an intimate relationship for nearly one year. See R.C.2950.09(B)(2)(h) and (j). When appellant became concerned he would be prosecuted for his criminal conduct, he took the victim to Texas. See R.C. 2950.09(B)(2)(j). According to Dr. Hopes, appellant was not convinced that his actions harmed the victim and did not seem to worry about the consequences of the charges against him. Id.
Appellant argues that the trial court did not consider all of the statutory factors and relied only upon an evaluation performed by Dr. Hopes that indicated that appellant's likelihood of recidivism was fifty-nine percent. However, the record belies appellant's assertion. The trial court noted that Dr. Hopes' evaluation produced two estimates of appellant's likelihood of recidivism: mid-thirty to forty percent and fifty-nine percent. In her report, Dr. Hopes explained that the difference in the prediction rates is a result of different methodologies for weighing recidivism risk factors. She concluded that her report presented appellant's "status on relevant risk factors leaving it for the [c]ourt to determine how to weigh the various sources of information." Ultimately, the report indicated that appellant posed a risk of recidivism and appellant stipulated to the entire report. The record indicates that the trial court considered the report in its entirety.
The trial court found that the facts of this case and the information contained in Dr. Hopes' report, when applied to the factors listed in R.C. 2950.09(B)(2), lead to the conclusion that appellant is a sexual predator. There is ample evidence in the record from which the trial court could have concluded by clear and convincing evidence that that appellant is a sexual predator. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.